IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONDON A. WRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>SAXON MORTGAGE SERVICES, INC., PAUL FINANCIAL, LLC, QUALITY LOAN SERVICE CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., CYPRESS MORTGAGE GROUP, INC., THEODORE L. FOWLER, STEVEN JAMES SAMUELSON, MICHAEL AL. FREITAS,<br><br>Defendants. | No. C 09-05960 WHA<br><br>**ORDER TO DISMISS** |

Plaintiff London O. Wright brought this action against numerous defendants relating to plaintiff's home loan. Federal question jurisdiction in this matter was based on plaintiff's claims for violations of the Truth in Lending Act, 15 U.S.C. 1601, *et seq.*, and the Real Estate Settlement Procedures Act, 15 U.S.C. 1601, *et seq.* Plaintiff also asserted California state law claims for negligence, fraud, breach of fiduciary duty, breach of contract, breach of the implied covenant of good faith and fair dealing, violation of California Business & Professions Code and Violation of the Rosenthal Fair Credit Reporting Act.

Defendants Saxon Mortgage Services, Inc. and Mortgage Electronic Registration Systems, Inc. noticed a motion to dismiss scheduled for hearing on March 25, 2010. Pursuant to Civil Local Rule 7-3, any brief in opposition to the motion was due on March 4, 2010, but no such opposition was received. The March 25 hearing was vacated and plaintiff was ordered to

show cause for his failure to respond to the motion in accordance with Civil Local Rule 7-3(a) or alternately to file statement of nonopposition to the motion as required by Civil Local Rule 7-3(b).

Plaintiff's counsel, Attorney Sharon Lapin, submitted a declaration stating that plaintiff's failure to respond to the motion to dismiss in a timely manner was due "solely" to her own error and oversight (Lapin Decl. at 2). This is not an adequate excuse for violating the local rules, but plaintiff will nevertheless be given another chance to resolve his claims on the merits.

Plaintiff also submitted a request to dismiss his federal claims without prejudice. Plaintiff requests that this Court then decline to exercise supplemental jurisdiction over his remaining state law claims and dismiss the action in its entirety without prejudice so that he may bring the action again in state court.

When a plaintiff, as here, seeks to dismiss "one or more but less than all of several claims, but without dismissing as to any of the defendants," Rule 15(a) is the appropriate mechanism. *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988). Rule 15(a)(1) provides that:

> A party may amend its pleadings once as a matter of course within:
> . . . .
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Defendants have not yet filed an answer but they filed their motion to dismiss plaintiff's complaint under Rule 12(b)(6) on February 16, 2010 (Dkt. No. 35). Plaintiff filed to dismiss his federal claims on March 8, one day before the 21-day deadline. Plaintiff therefore may amend his complaint as a matter of course. Plaintiff's request to dismiss his federal claims is therefore treated as a motion to amend and the motion is **GRANTED**.

Federal district courts have discretion whether to dismiss or retain supplemental claims where all federal claims have been dismissed. In this instance, the action is still in its early stages. The initial case management conference has not yet been held, no answer has been

filed, and defendants' motion to dismiss has not been fully briefed. Here, the balance of factors leans towards declining to assert supplemental jurisdiction over the remaining state law claims. Plaintiff's complaint is therefore **DISMISSED** without prejudice to refiling in state court.

**IT IS SO ORDERED.**

Dated: March 19, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE