1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   LONDON A. WRIGHT,                        No. C 09-05960 WHA

11            Plaintiff,

12     v.                                     **ORDER TO DISMISS**

13   SAXON MORTGAGE SERVICES, INC.,
     PAUL FINANCIAL, LLC, QUALITY LOAN
14   SERVICE CORPORATION, MORTGAGE
     ELECTRONIC REGISTRATION SYSTEMS,
15   INC., CYPRESS MORTGAGE GROUP, INC.,
     THEODORE L. FOWLER, STEVEN JAMES
16   SAMUELSON, MICHAEL AL. FREITAS,

17            Defendants.

18   _____/

19        Plaintiff London O. Wright brought this action against numerous defendants relating to

20   plaintiff's home loan.  Federal question jurisdiction in this matter was based on plaintiff's

21   claims for violations of the Truth in Lending Act, 15 U.S.C. 1601, *et seq.*, and the Real Estate

22   Settlement Procedures Act, 15 U.S.C. 1601, *et seq.*  Plaintiff also asserted California state law

23   claims for negligence, fraud, breach of fiduciary duty, breach of contract, breach of the implied

24   covenant of good faith and fair dealing, violation of California Business & Professions Code

25   and Violation of the Rosenthal Fair Credit Reporting Act.

26        Defendants Saxon Mortgage Services, Inc. and Mortgage Electronic Registration

27   Systems, Inc. noticed a motion to dismiss scheduled for hearing on March 25, 2010.  Pursuant

28   to Civil Local Rule 7-3, any brief in opposition to the motion was due on March 4, 2010, but no

     such opposition was received.  The March 25 hearing was vacated and plaintiff was ordered to

**United States District Court**
For the Northern District of California

1   show cause for his failure to respond to the motion in accordance with Civil Local Rule 7-3(a)

2   or alternately to file statement of nonopposition to the motion as required by Civil Local Rule 7-

3   3(b).

4           Plaintiff's counsel, Attorney Sharon Lapin, submitted a declaration stating that

5   plaintiff's failure to respond to the motion to dismiss in a timely manner was due "solely" to her

6   own error and oversight (Lapin Decl. at 2).  This is not an adequate excuse for violating the

7   local rules, but plaintiff will nevertheless be given another chance to resolve his claims on the

8   merits.

9           Plaintiff also submitted a request to dismiss his federal claims without prejudice.

10  Plaintiff requests that this Court then decline to exercise supplemental jurisdiction over his

11  remaining state law claims and dismiss the action in its entirety without prejudice so that he

12  may bring the action again in state court.

13          When a plaintiff, as here, seeks to dismiss "one or more but less than all of several

14  claims, but without dismissing as to any of the defendants," Rule 15(a) is the appropriate

15  mechanism. *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988).  Rule

16  15(a)(1) provides that:

17          A party may amend its pleadings once as a matter of course
            within:
18          . . . .
            (B) if the pleading is one to which a responsive pleading is
19          required, 21 days after service of a responsive pleading or 21 days
            after service of a motion under Rule 12(b), (e), or (f), whichever
20          is earlier.

21          Defendants have not yet filed an answer but they filed their motion to dismiss plaintiff's

22  complaint under Rule 12(b)(6) on February 16, 2010 (Dkt. No. 35).  Plaintiff filed to dismiss his

23  federal claims on March 8, one day before the 21-day deadline.  Plaintiff therefore may amend

24  his complaint as a matter of course.  Plaintiff's request to dismiss his federal claims is therefore

25  treated as a motion to amend and the motion is **GRANTED**.

26          Federal district courts have discretion whether to dismiss or retain supplemental claims

27  where all federal claims have been dismissed.  In this instance, the action is still in its early

28  stages.  The initial case management conference has not yet been held, no answer has been

**United States District Court**
For the Northern District of California

2

filed, and defendants' motion to dismiss has not been fully briefed.  Here, the balance of factors

leans towards declining to assert supplemental jurisdiction over the remaining state law claims.

Plaintiff's complaint is therefore **DISMISSED** without prejudice to refiling in state court.


       **IT IS SO ORDERED.**




Dated:  March 19, 2010.

                            WILLIAM ALSUP
                            UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California